IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
2009 APR 27 AM 10: 29

CLERK R. Ook
S.D. DIST. OF GA.

PAMELA JAMES, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV508-017
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of the Commissioner, denying her claim for Disability Insurance Benefits. Plaintiff urges the Court to reverse the Commissioner's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for further consideration of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income ("SSI") payments on October 21, 2005, alleging that she became disabled on October 1, 2005, as the result of problems with her back, legs, and hands. (Tr. at 14, 72, 74). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 4, 2006, ALJ L. Ellis Davis ("ALJ" or "ALJ Davis") held a video hearing. Plaintiff appeared and testified in Waycross, Georgia, and the ALJ presided over the hearing from Savannah,

Georgia. G. Mark Leaptrot, a vocational expert, also testified at the hearing. (Tr. at 14). The ALJ determined that Plaintiff was not disabled. (Tr. at 21). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, although it noted that it had received additional evidence and made that evidence a part of the record. (Tr. at 2-5). The decision of the ALJ became the final decision of the Commissioner for judicial review.

Plaintiff, born on August 2, 1953, was fifty-three (53) years old when ALJ Davis issued his decision. (Tr. at 70). She has a tenth grade education. (Tr. at 71). She has past relevant work experience as a stocker, order filler, mail handler, and cosmetologist apprentice. (Tr. at 87-88).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20

C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F. 3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to adjust to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F. 3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed the sequential process to determine that, after the alleged disability onset date of October 1, 2005, Plaintiff has not engaged in substantial gainful employment. At Step Two, the ALJ determined that Plaintiff has the severe impairments of carpal tunnel syndrome and disorders of the back. (Tr. at 16). However, the ALJ also determined, at Step Three, that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Tr. at 17). The ALJ found that Plaintiff has the residual functional capacity to perform light exertional work, with the limitation that she can perform no more than occasional climbing, stooping, and reaching overhead. (Tr. at 18). At the Fourth Step, the ALJ concluded that Plaintiff could not perform any of her past relevant work. (Tr. at 20). The ALJ found, at Step Five, that Plaintiff was not disabled because she retained the ability to perform other jobs that exist in significant numbers in the national economy. (Tr. at 20-21).

## ISSUE PRESENTED

The issue presented in this review is whether:

I. substantial evidence supports the Commissioner's decision to deny Plaintiff's benefits.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F. 3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F. 2d at 1146.

# DISCUSSION AND CITATION TO AUTHORITY

I. **Substantial evidence supports the Commissioner's decision to deny Plaintiff's benefits.**

Plaintiff contends that the ALJ disregarded and discounted the objective findings of severe abnormalities in both of her upper extremities. Plaintiff asserts that the ALJ found that her bilateral carpel tunnel syndrome caused no significant limitations or restrictions. Plaintiff further asserts that the objective medical evidence documented severe and significant right carpal tunnel syndrome, moderate left carpal tunnel syndrome, and moderate compression of the right and left ulnar nerve across the Guyon's canal in her upper extremities. (Doc. No. 18, p. 11). Plaintiff contends that there is no basis for ALJ Davis' finding that despite being a severe impairment, her bilateral carpal tunnel syndrome causes no limitations on her ability to use her upper extremities. Plaintiff further contends that her testimony is corroborated by the objective evidence and that she should be found disabled if it is properly credited. (Id. at 12). Plaintiff asserts that the ALJ failed to properly discount the opinions of her treating physicians. (Id. at 12-13).

Defendant contends that the ALJ properly assessed Plaintiff's residual functional capacity. (Doc. No. 19, p. 12). Defendant asserts that when the ALJ finds a severe impairment, he is not required to also include limitations in his residual functional capacity analysis. Defendant contends that an ALJ can determine that an impairment is severe and still find that the impairment does not impact a claimant's residual functional capacity because the impairment does not impact the claimant's ability to perform work-related activities on a regular and continuing basis. (Id. at 14). Defendant asserts that the ALJ only has to include a limitation in his residual functional capacity assessment if

it has a basis in the objective medical evidence of record. (Id. at 15). Defendant further asserts that none of the objective medical evidence Plaintiff relies upon establishes that her carpal tunnel syndrome limits her to occasional reaching in all directions, handling, and fingering. (Id. at 15-17). Defendant contends that the objective medical evidence merely establishes that Plaintiff suffers from carpal tunnel syndrome, which ALJ Davis found to be a severe impairment. Defendant notes that Dr. Manuel B. Cuesta and Dr. Daniel Y. Suh never opined that Plaintiff had any work-related limitations. (Id. at 17). Defendant further notes that Dr. Suh only opined that Plaintiff was to stay out of work until the weakness and pain in her hand improved, and the weakness and pain improved with physical therapy. Defendant asserts the ALJ's failure to specifically weigh Dr. Suh's opinion was not error because it was first submitted to the Appeals Council and because the opinion supported the ALJ's conclusion that Plaintiff had the severe impairment of carpal tunnel syndrome. (Id. at 18, 20). Defendant further asserts that the Appeals Council did not err by not articulating its assessment of the additional evidence Plaintiff submitted in her request for a review of the ALJ's decision (Id. at 18-20). Defendant contends that the objective medical evidence of record supports the ALJ's findings. (Id. at 22-23).

It is well-established that the opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory

or inconsistent with his own medical records. Id. at 1241. When the ALJ rejects the opinion of the treating physician, he must specify that he is doing so and must articulate a reason for not giving the opinion weight. MacGregor v. Bowen, 786 F. 2d 1050, 1053 (11th Cir. 1986). It is not reversible error for an ALJ to fail to discuss a doctor's opinion if the doctor's opinion is not contrary to the findings of the other doctors cited by the ALJ or if discussion of the doctor's opinion would not change the ALJ's assessment of the plaintiff's residual functional capacity. Parton v. Astrue, 2008 WL 897094, *6 (M.D. Fla. 2008).

ALJ Davis determined that Plaintiff has the severe impairments of disorders of the back and carpal tunnel syndrome. The ALJ noted that an MRI of the cervical spine revealed mild diffuse degenerative disc disease with small anterior osteophyte formation. The ALJ further noted that a lumbar spine MRI revealed mild to moderate hypertrophic facet arthropathy bilaterally at L5-S1 and mild degenerative disc changes at L4-5 and L5-S1. ALJ Davis observed that Dr. Kenerly diagnosed Plaintiff with bilateral carpal tunnel syndrome. (Tr. at 16). ALJ Davis found that Plaintiff's internal hemorrhoids with sigmoid diverticulosis, gastroesophageal reflux disease, and hypertension are treatable with medications and do not cause any functional limitations. (Tr. at 17).

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. The ALJ noted that he considered Plaintiff's disorders of the back under § 1.04 and her carpal tunnel syndrome under § 1.02. (Tr. at 17). ALJ Davis found that Plaintiff has the residual functional capacity to perform light exertional work with the limitation that she can perform no more

than occasional climbing, stooping, and reaching overhead. The ALJ noted that in reaching this finding, he considered all of Plaintiff's symptoms and the extent to which the symptoms could be reasonably accepted as consistent with the objective medical evidence and other evidence. The ALJ further noted that he considered opinion evidence. (Tr. at 18).

ALJ Davis observed that Plaintiff testified that she has difficulty holding a pen for more than two minutes at a time due to carpal tunnel syndrome in her dominate right hand, which causes pain and numbness. ALJ Davis further observed that Plaintiff reported that she quit working because of back pain that radiates into her left leg. Plaintiff further reported that she falls occasionally when her left leg collapses. The ALJ remarked that Plaintiff alleged that she has approximately two good days a week when she wakes up pain free and tries to do as much as possible. The ALJ further remarked that Plaintiff reported that because of her alleged hand pain, her husband usually prepares the food, does the laundry, and does all heavy household chores. The ALJ noted that Plaintiff testified that she drives ten to fifteen miles per week, but cannot drive for longer distances because of back pain and right hand numbness. Plaintiff further testified that she can sit for up to fifteen minutes with the ability to change positions and can stand for up to ten minutes before needing to sit down. ALJ Davis remarked that Plaintiff allegedly has difficulty washing her hair, dressing, and bending over to put on her shoes due to back and hand pain. ALJ Davis further remarked that Plaintiff reported that she may have to undergo a second carpal tunnel release on her right hand due to continued pain and numbness. Plaintiff further reported that the radiating pain returned within one week despite three epidural injections. The ALJ observed that Plaintiff noted

that her most comfortable position is in a recliner and that on bad days she doubles-up on pain medications, which causes disorientation and dizziness. (Tr. at 19).

ALJ Davis considered the evidence and found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. ALJ Davis observed that Plaintiff alleged disability due to radiating back pain. ALJ Davis further observed that Dr. Thomas R. Walsh reviewed Plaintiff's lumbar MRI, which revealed only very minimal degenerative spondylolisthesis at L4-5. Dr. Walsh opined that Plaintiff's condition was not dangerous; her symptoms may fluctuate from time to time; her long term prognosis was favorable; and recommended that she perform activities as tolerated. ALJ Davis remarked that Dr. Suh noted that the strength and muscle tone in Plaintiff's lower extremities was normal with no atrophy. (Tr. at 19).

The ALJ observed that Plaintiff underwent a right carpal tunnel release and excision of osteophytes of the right thumb. The ALJ further observed that a post-surgery follow-up indicated that Plaintiff was doing great and noted that she had normal range of motion, reflexes, palpitation, and sensation in her right wrist and hand, with no atrophy detected. ALJ Davis remarked that Plaintiff presented to Dr. Kenerly several years later alleging that her right hand pain had returned. ALJ Davis further remarked that upon examination, Dr. Suh found the motor strength and muscle tone in Plaintiff's upper extremities to be normal with no atrophy. However, Dr. Suh did note that Plaintiff requires exploration of her previous right-sided carpal tunnel release and needs a left-sided release. (Tr. at 20).

AO 72A
(Rev. 8/82)

9

ALJ Davis observed that the residual functional capacity conclusions reached by the State Disability Determination Services examiners support a finding of not disabled. ALJ Davis noted that the examiners' opinions concerning the nature and severity of Plaintiff's impairments are considered expert opinion evidence from non-examining sources. The ALJ remarked that the State Agency examiners opined that Plaintiff's impairments are non-severe. Based on Plaintiff's testimony and the medical records received at the hearing level, ALJ Davis determined that Plaintiff is capable of performing light exertion work. The ALJ noted that Plaintiff has past relevant work as a stocker, an order puller, a mail handler, and as a cosmetologist. ALJ Davis found that Plaintiff is unable to perform any past relevant work.

The ALJ determined that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (Tr. at 20). The ALJ noted that he considered Plaintiff's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines. ALJ Davis found that limitations impede Plaintiff's ability to perform the full range of light work. ALJ Davis remarked that the vocational expert testified that, despite Plaintiff's limitations, she would be able to perform the requirements of occupations such as box sealer inspector, general office clerk, and garment inspector. The ALJ observed that Plaintiff's attorney argued at the hearing that Plaintiff had the additional limitations of not being able to perform more than occasional reaching in all directions, handling, and fingering. ALJ Davis found that these alleged additional limitations were not supported by the medical evidence. ALJ Davis determined that Plaintiff was not disabled based on her age, education, work experience, and residual functional capacity. (Tr. at 21).

Contrary to Plaintiff's contention, substantial evidence supports ALJ Davis' finding that Plaintiff's severe impairments do not cause limitations that prevent her from working at the light exertional level. The record is devoid of any objective evidence suggesting Plaintiff is unable to work, with the exception of Dr. Suh's opinion that she should not return to work until her condition improved. However, Plaintiff's condition improved with physical therapy, as evidenced by her denying any problems (Tr. at 41), reporting that her pain was a zero out of ten and a two out of ten (Tr. at 41, 46), reporting no pain in her right wrist (Tr. at 42), and her physical therapist's observations that she had improved exercise tolerance and shown gradual improvement. (Tr. at 45, 46). Plaintiff's activities of daily living also support the ALJ's conclusion that Plaintiff could perform light exertional work. Plaintiff reported that she: does a little housework (Tr. at 74), cleans a little (Tr. at 182), does laundry (Id.), cooks small meals (Id.), makes her bed (Tr. at 74), plays card games (Tr. at 184), goes to church five days per week (Id.), and walks for exercise (Tr. at 74). The vocational expert testified that a hypothetical person with Plaintiff's credible impairments would be able to perform work as a box sealer inspector, general office clerk, and garment inspector. (Tr. at 89-90).

Plaintiff's assertion that the ALJ did not properly discount either of her treating physicians' opinions is without merit. Plaintiff's brief does not clearly articulate which treating physicians she feels were improperly discounted, but it is assumed she means Dr. Cuesta and Dr. Suh because they are the only physicians referred to by name in Plaintiff's argument. The ALJ did not err by failing to specifically discuss Dr. Cuesta's medical findings in his decision because Dr. Cuesta's findings were consistent with Dr. Suh's findings and were not contrary to the ALJ's conclusions. See Parton, 2008 WL

AO 72A
(Rev. 8/82)

897094, *6. Further, the ALJ did not improperly discount the opinions of Dr. Suh and Dr. Cuesta because the ALJ's determination that Plaintiff suffered from the severe impairment of carpal tunnel syndrome was consistent with the doctors' findings. Dr. Suh and Dr. Cuesta also never made any findings of long-term work-related limitations for Plaintiff. Consequently, ALJ Davis did not improperly discount the opinions of Dr. Suh and Dr. Cuesta because his determination that Plaintiff could perform light exertional work is not inconsistent with the doctors' opinions.

To the extent that Plaintiff asserts that ALJ Davis improperly discredited her testimony, this assertion is without merit. Credibility determinations about subjective testimony are generally reserved to the ALJ. Lanier v. Comm'r of Soc. Sec., 252 Fed. Appx. 311, 314 (11th Cir. 2007). If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so. Id. ALJ Davis determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (Tr. at 19). ALJ Davis observed that after Plaintiff's May 17, 2004, right carpal tunnel release, she was doing great and had normal range of motion, reflexes, palpation, and sensation in her right wrist and hand, with no atrophy. ALJ Davis further observed that Dr. Suh noted that Plaintiff's motor strength and muscle tone in her upper extremities were normal and there was no atrophy. The ALJ remarked that the opinions of the State Agency non-examining doctors supported a finding of not disabled. (Tr. at 20). Thus, ALJ Davis articulated explicit and adequate reasons for not crediting Plaintiff's testimony. See Lanier, 252 Fed. Appx. at 314. Accordingly, the Commissioner's decision to deny Plaintiff's benefits is supported by substantial evidence.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 27th day of April, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE