PAMELA JAMES,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　CIVIL ACTION NO.: CV508-017
　　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　　)
Commissioner of Social Security,　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)

# ORDER

After an independent review of the record, the undersigned concurs with the

Magistrate Judge's Report and Recommendation, to which Objections have been filed.

In her Objections, Plaintiff contends that the Administrative Law Judge ("ALJ") and the

Magistrate Judge erred by finding that her carpel tunnel syndrome was a severe

impairment, but did not cause any functional limitations. (Doc. No. 24, p. 1-2). Plaintiff

asserts that every medical provider she saw from 2006 forward documented severe

recurrent right carpal tunnel syndrome and moderate left carpal tunnel syndrome. (Id. at

2-3). Plaintiff further asserts that in order for the ALJ and Magistrate Judge to reach

their conclusions, they would have to ignore the medical findings of Dr. Lex Kenerly, Dr.

Manuel Cuesta, Dr. Daniel Suh, and her physical therapist, as well as ignore that she

had a second right carpal tunnel surgery. (Id. at 3-5). Plaintiff contends that her

subjective complaints of pain were not properly credited. Plaintiff further contends that

AO 72A
(Rev. 8/82)

the ALJ failed to consider her persistent efforts to obtain pain relief pursuant to Social Security Ruling 96-7p. (Id. at 5-6).

Plaintiff's Objections are for the most part merely reassertions of the contentions found in her original brief. As the Magistrate Judge noted in his Report, there is substantial evidence supporting the ALJ's finding that Plaintiff's severe impairments do not cause limitations that prevent her from working at the light exertional level. Plaintiff's assertion that the ALJ erred by failing to consider that her persistent efforts to obtain pain relief enhanced her credibility is without merit. Social Security Ruling 96-7p does not require the ALJ to discuss Plaintiff's longitudinal efforts to seek pain relief. Social Security Ruling 96-7p merely requires the ALJ's decision to contain specific reasons for his credibility finding, which the ALJ has done here.

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is authorized and directed to enter the appropriate judgment of dismissal.

SO ORDERED, this _14th_ day of _August_, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA